UNITED STATES DISTRICT COURT

DISTRICT OF MINNESOTA

| | |
|---|---|
| KEITH CROW,<br><br>    Plaintiff,<br><br>v.<br><br>JOAN FABIAN, DAVID R. CRIST, JERRY CLAY, LCIE STEVENSON, LYNN MILLING, JOHN M. STUART and MARK ANDERSON,<br><br>    Defendants. | Civil File No. 08-3350 (PJS/FLN)<br><br>**REPORT AND RECOMMENDATION** |

Plaintiff, a prisoner of the State of Minnesota who is currently incarcerated at an out-of-state prison, commenced this action by filing a complaint seeking relief under 42 U.S.C. § 1983, for alleged violations of his federal constitutional rights.  (Docket No. 1.)  The matter is presently before the undersigned Magistrate Judge for initial screening pursuant to 28 U.S.C. § 1915A, and for a Report and Recommendation pursuant to 28 U.S.C. § 636(b)(1) and Local Rule 72.1.  For the reasons discussed below, the Court finds that Plaintiff has failed to state a claim on which relief can be granted as to three of the named Defendants, and it will therefore be recommended that this action be summarily dismissed as to those three Defendants.

**I. BACKGROUND**

Plaintiff alleges that in February 2006, he was placed in administrative segregation at the Minnesota state prison where he was then confined.  Defendant Lcie Stevenson, who is identified as a prison "Program Director," allegedly placed Plaintiff in administrative segregation because Plaintiff was about to be transferred to an out-of-state prison.

Plaintiff was told that he was going to be transferred to another prison because of his gang activities, but he denies being involved in any such activities. Defendant Stevenson frequently advised Plaintiff that he would remain in administrative segregation, for security reasons, until he was transferred. Plaintiff allegedly did remain in administrative segregation until he was transferred to another prison on February 19, 2007.

On April 19, 2007, two months after Plaintiff was transferred, the conviction for which he is imprisoned was upheld on direct appeal. Plaintiff then decided to seek collateral review of his conviction, and he sought legal assistance because he was not sure how to proceed. Plaintiff wrote a letter to "Legal Assistance to Minnesota Prisoners," ("L.A.M.P."), because he had received a pamphlet suggesting that he might be able to obtain some legal assistance from that organization. The pamphlet allegedly was "issued" to Minnesota prison inmates by Defendant John M. Stuart, who is identified in the complaint as an employee of the Minnesota State Public Defender. Defendant Mark F. Anderson, who is also identified as an employee of the Public Defenders Office, allegedly responded to Plaintiff's letter to L.A.M.P., and indicated that he could not assist Plaintiff.

Plaintiff alleges that he also wrote letters to various prison officials, including Defendants Jerry Clay and Lynn Milling, and asked them to help him gain access to legal assistance or legal resources for his post-conviction efforts. According to the complaint, Defendants Clay and Milling both declined to offer Plaintiff any help.

Plaintiff further alleges that he wrote a letter to Defendant Joan Fabian, the Minnesota Commissioner of Corrections, asking for her help in obtaining legal assistance. Defendant Fabian apparently referred Plaintiff's letter to Defendant David R. Crist, who is identified as the Assistant Commissioner of the Minnesota Department of Corrections.

Defendant Crist allegedly advised Plaintiff to contact L.A.M.P.

Plaintiff is now attempting to sue Defendant Stevenson for assigning him to segregated confinement in violation of his constitutional rights to due process and equal protection. He is attempting to sue the remaining Defendants for violating his constitutional right of "access to the courts," because they allegedly failed to provide him with the legal assistance and/or legal resources that he needed to pursue post-conviction review of his criminal conviction.

Plaintiff is seeking an injunction that would cause him to be transferred back to a Minnesota prison, where he believes he would have better access to legal assistance and resources. He is also seeking money damages in the amount of $50,000.00.

## II. DISCUSSION

Because Plaintiff is a prisoner who is seeking redress from government employees, his pleading must be screened pursuant to 28 U.S.C. § 1915A. That statute, which is part of the Prison Litigation Reform Act of 1995, ("the PLRA"), requires federal courts to screen the pleadings in every civil action brought by a prisoner against governmental entities and/or employees "before docketing, if feasible or, in any event, as soon as practicable after docketing." 28 U.S.C. § 1915A(a). The Court must determine which aspects of the pleading are actionable and should be allowed to proceed. To the extent that the pleading, on its face, fails to state a cognizable claim, it must be dismissed. 28 U.S.C. § 1915A(b)(1). In this case, the Court finds that Plaintiff has failed to plead an actionable claim for relief against three of the named Defendants – Joan Fabian, John M. Stuart and Mark F. Anderson.

A. <u>Defendant Fabian</u>

Plaintiff alleges that he wrote a letter to Defendant Fabian, asking her to help him get greater access to the legal assistance and legal resources that he allegedly needed in order to pursue post-conviction review of his conviction. Defendant Fabian apparently referred the letter to her subordinate, Defendant Crist, and Crist allegedly advised Plaintiff to contact L.A.M.P. However, L.A.M.P. allegedly did not help Plaintiff.

Plaintiff is now attempting to sue Defendant Fabian under 42 U.S.C. § 1983, for allegedly violating his constitutional right of access to the courts. However, Plaintiff has failed to plead an actionable § 1983 claim for relief against Defendant Fabian, because he has not described anything that Defendant Fabian <u>personally</u> did, or failed to do, that allegedly violated his constitutional rights. Instead, it clearly appears that Plaintiff is attempting to sue Defendant Fabian for the alleged omissions of her subordinate, Defendant Crist. More specifically, Plaintiff is attempting to sue Defendant Fabian because her subordinate, Defendant Crist, allegedly failed to properly respond to his request for access to legal assistance or legal resources, and <u>Defendant Crist</u> thereby allegedly violated Plaintiff's right of access to the courts.

It is well settled, however, that state employees cannot be held vicariously liable under 42 U.S.C. § 1983 for constitutional violations allegedly committed by their subordinates, because the doctrine of <u>respondeat superior</u> is not applicable in § 1983 actions. <u>Monell v. Department of Social Services</u>, 436 U.S. 658, 694 (1978). Again, Plaintiff has not described anything that Defendant Fabian personally did or failed to do that allegedly violated his constitutional rights. Instead, it clearly appears that Plaintiff is seeking to hold Defendant Fabian vicariously liable for constitutional violations allegedly committed

4

by her subordinates.  However, Plaintiff has failed to plead an actionable § 1983 claim against Defendant Fabian, because respondeat superior is not applicable in § 1983 cases. See Bailey v. Wood, 909 F.2d 1197, 1198, n. 2 (8th Cir. 1990) (in a § 1983 action, "liability cannot be imputed to" a prison official "who maintained overall supervision of the prison, under principles of agency and the doctrine of respondeat superior").

B. Defendants Stuart and Anderson

Plaintiff has failed to plead an actionable § 1983 claim against Defendants Stuart and Anderson, for two fundamental reasons.

First, only persons acting under color of state law can be sued under § 1983.  See Youngblood v. Hy-Vee Food Stores, Inc., 266 F.3d 851, 855 (8th Cir. 2001) ("[o]nly state actors can be held liable under Section 1983"), cert. denied, 535 U.S. 1017 (2002).  Here, there are no allegations suggesting that either Defendant Stuart or Defendant Anderson is a "state actor."  To the contrary, it is alleged that Defendants Stuart and Anderson are public defenders, and public defenders are not considered to be state actors for § 1983 purposes.  Polk County v. Dodson, 454 U.S. 312, 318 (1981); Dotlich v. Kane, 497 F.2d 390 (8th Cir. 1974).

Second, Plaintiff has not alleged any facts, which if proven true, would show that either Stuart or Anderson violated Plaintiff's constitutional rights.  Plaintiff has alleged only that (a) Stuart "issued" a pamphlet that provided information about L.A.M.P., and (b) Anderson advised Plaintiff that his office, (i.e., the Public Defenders Office), could not help him seek post-conviction relief.  There are no allegations suggesting that either Stuart or Anderson had any constitutional duty to help Plaintiff pursue post-conviction relief, and there are no allegations suggesting that either Stuart or Anderson impeded Plaintiff's efforts

to pursue post-conviction relief. Furthermore, Plaintiff has not identified, and the Court is not independently aware of, any legal authority suggesting that public defenders have any constitutional responsibility to help prisoners pursue post-conviction relief. For this additional reason, the Court finds that Plaintiff has failed to state an actionable § 1983 claim against Defendants Stuart and Anderson.

## III. CONCLUSION

Because Plaintiff has failed to state an actionable claim for relief against Defendants Joan Fabian, John M. Stuart, and Mark F. Anderson, the Court recommends that this action be summarily dismissed as to those Defendants, pursuant to 28 U.S.C. § 1915A(b). The Court will defer any ruling on the adequacy of Plaintiff's allegations against the other Defendants in this case, and Plaintiff will be allowed to pursue his claims against those Defendants at this time.

## IV. RECOMMENDATION

Based upon the above, and upon all the files, records, and proceedings herein,

**IT IS RECOMMENDED** that:

1. Plaintiff's claims against Defendants Joan Fabian, John M. Stuart, and Mark F. Anderson, be dismissed pursuant to 28 U.S.C. § 1915A(b); and

2. Plaintiff's claims against the remaining Defendants in this case be allowed to proceed at this time, without prejudice to any defenses that those Defendants may later seek to raise.

Dated: September  17, 2008

                                             s/ *Franklin L. Noel*
                                             FRANKLIN L. NOEL
                                             United States Magistrate Judge

Pursuant to the Local Rules, any party may object to this Report and Recommendation by filing with the Clerk of Court and serving on all parties, on or before **October 6, 2008**, written objections which specifically identify the portions of the proposed findings or recommendations to which objection is being made, and a brief in support thereof. A party may respond to the objecting party's brief within ten days after service thereof. All briefs filed under the rules shall be limited to 3500 words. A judge shall make a de novo determination of those portions to which objection is made. This Report and Recommendation does not constitute an order or judgment of the District Court, and it is, therefore, not appealable to the Circuit Court of Appeals.