UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Keith Crow,  Civil No. 08-03350 (PJS/FLN)

      Plaintiff,

v.  **REPORT AND RECOMMENDATION**

Joan Fabian, David R. Crist, Jerry Clay,
Lcie Stevenson, Lynn Milling

      Defendants.

---

Keith Crow, *pro se*, for Plaintiff
Jackson Evans, for Defendants Fabian, Crist, Clay, and Stevenson.

---

**THIS MATTER** came before the undersigned United States Magistrate Judge on Plaintiff's Complaint seeking relief under 42 U.S.C. § 1983 for alleged violations of his federal constitutional rights [#1]. Plaintiff filed a Motion for Preliminary Injunction [#17] on January 5, 2009, and another Motion for Preliminary Injunction [#29] on May 11, 2009. The matter was referred to the undersigned for Report and Recommendation pursuant to 28 U.S.C. § 636 and Local Rule 72.1. For the reasons that follow, this Court recommends Plaintiff's Motions for Preliminary Injunction [#17, #29] be denied.

## I.  BACKGROUND

Plaintiff Keith Crow alleges that Defendants have denied him access to Minnesota state courts. The plaintiff is currently imprisoned at the MacDougal-Walker Correction Institute in Suffield, Connecticut. (Doc. No. 1.) He is serving a life sentence imposed by the Minnesota State

Court for the District of Redwood County for the crime of aiding and abetting first-degree murder in the course of a kidnapping, and his conviction was affirmed by the Minnesota Supreme Court on Apr. 19, 2007. *See State v. Crow*, 730 N.W.2d 272 (Minn. 2007). On April 11, 2008, Mr. Crow filed a Petition for a Writ of Habeas Corpus in this Court, which was dismissed because it contained at least one unexhausted claim. *Crow v. Hatch*, No. 08-1039, 2008 WL 2277827, at *1 (D. Minn. May 30, 2008).

Mr. Crow then filed for post-conviction relief in Minnesota state courts. His first Petition for Post-Conviction Relief was filed on July 14, 2008 and denied on September 25, 2008. (Evans Aff. Ex. A.) His second Petition for Post-Conviction Relief was filed on January 6, 2009 and denied on March 20, 2009. *Crow v. State*, No. K1-05-30 (Minn. 5th Dist. Ct., Mar. 20, 2009). On May 4, 2009, Mr. Crow filed a notice of appeal of the March 20, 2009 Order. (Pl.'s Notice Of Appeal, File No. K1-05-30, Minn. 5th Dist. Ct., May 4, 2009.)

In his present suit, Mr. Crow alleges that Defendants have deprived him of his constitutional right of access to the court by one or more of the following actions: 1) placing him on administrative segregation status; 2) transferring him from a Minnesota facility to a Connecticut facility; and 3) failing to assist him in filing post-conviction proceedings. (Compl. Attach. D.) In his Complaint, Mr. Crow asks for, among other items of relief, injunctive relief "requiring the defendants to assist the plaintiff in his access to state or other appropriate post-conviction proceedings." (Compl. Attach. E ¶ b.) Similarly, in his motions for preliminary injunction, Mr. Crow asks the Court to order one or more of the defendants to "provide the plaintiff with some form of immediate assistance" with regard to his desire to appeal post-

conviction proceedings. (Pl.'s First Mot. for Prelim. Inj., Doc. No. 17; Pl.'s Second Mot. for Prelim. Inj., Doc. No. 29.)

## II. STANDARD OF REVIEW

The Court "has broad discretion when ruling on requests for preliminary injunctive relief." *General Mills, Inc. v. Kellogg Co.*, 824 F.2d 622, 625 (8th Cir. 1987). Using that broad discretion, the Court must typically determine whether the balance of equities so favors the movant that justice requires the Court to intervene to preserve the status quo until the merits of the case are determined. *Dataphase Sys. v. C.L. Sys.*, 640 F.2d 109, 113 (8th Cir. 1981). Mr. Crow, as the movant, bears the burden of proving that a preliminary injunction should be issued. *Modern Computer Sys. v. Modern Banking Sys.*, 871 F.2d 734, 737 (8th Cir. 1989).

## III. LEGAL ANALYSIS

In this case, the preliminary injunctive relief sought by Mr. Crow[1] is not the preservation of the status quo, but rather the same injunctive relief sought in his original Complaint. (Compl. Attach. E ¶ b) (seeking an injunction requiring Defendants to assist Plaintiff in his access to state or other appropriate post-conviction proceedings). As stated above, Mr. Crow has the burden to prove the necessity of a preliminary injunction, and therefore the Court must make all inferences and assumptions in favor of the non-moving party. *See Modern Computer*, 871 F.2d 734, 737 (8th Cir. 1989).

---

[1] Plaintiff's two motions for preliminary injunction request the same relief, and they are nearly identical in wording. Therefore, the Court treats the two motions as a single motion for the purposes of this Report and Recommendation.

3

The Eighth Circuit defines the test for whether the Court should grant preliminary injunctive relief as a consideration of four factors: (1) the threat of irreparable harm to movant; (2) the state of balance between this harm and the injury that granting the injunction will inflict on other parties litigant; (3) the probability that movant will succeed on the merits; and (4) the public interest. *Dataphase*, 640 F.2d 109 at 113. "[F]ailure to show irreparable harm is, by itself, a sufficient ground upon which to deny a preliminary injunction". *Gelco Corp. v. Coniston Partners*, 811 F.2d 414, 418 (8th Cir. 1987). Mr. Crow argues that his inability to litigate effectively from prison will lead to irreparable harm because he will miss filing deadlines to appeal post-conviction orders. (Doc. No. 27.)

Mr. Crow failed to establish that a lack of Defendants' assistance would cause him irreparable harm. To the contrary, Mr. Crow has proven that he is capable of litigating on his own behalf. A previous opinion of this Court found that Mr. Crow should have little difficulty following the procedures for post-conviction relief on his own. *Crow v. Hatch*, No. 08-1039, 2008 WL 2277827, at *2 (D. Minn. May 30, 2008). At that time, the Court provided Mr. Crow with relevant portions of the Minnesota statute describing the post-conviction relief procedure, including where to file his petition.[2] *Id*. (citing Minn. Stat. § 590.01). The Court also included the portion of the statute that outlined the specific elements that must be included in a petition for post-conviction relief. *Id*. (citing Minn. Stat. § 590.02). The Court specifically instructed Mr. Crow that "he will have to create his own petition without the benefit of a form," but noted that Mr. Crow would have sufficient time to file. *Id*.

---

[2] Mr. Crow avers that he does not know where to file an appeal. (Crow Aff., ¶ 3.) However, the statute cited by the Court instructs him to file in "the district court in the county in which the conviction was had." Minn. Stat. § 590.01, subd. 1.

4

Mr. Crow has since demonstrated his ability to navigate the Minnesota state court system on numerous occasions. He filed Petitions for Post-Conviction Relief in July 2008 and January 2009. On May 4, 2009, he filed a notice of appeal upon the court's denial of his January 2009 Petition. *See Crow v. State*, No. K1-05-30 (Minn. 5th Dist. Ct., Mar. 20, 2009); (Pl.'s Notice Of Appeal, File No. K1-05-30, Minn. 5th Dist. Ct., May 4, 2009.). Plaintiff has demonstrated that he can access the courts without assistance from Defendants.

Mr. Crow has also shown his ability to access legal materials from the Minnesota State Law Library. The record shows that Mr. Crow has received over 400 pages of legal materials from the Minnesota State Law Library between August 14, 2008 and December 30, 2008, and never complained to library employees about the quality of materials received. (Lunde Aff. ¶¶ 8-11.) Whether Plaintiff has continued to request and receive materials after those dates is immaterial; he has proven that he is familiar with the procedure for obtaining legal materials and he can avail himself of the service if he so desires. Mr. Crow expresses frustration about both the quality of these materials and the library's failure to offer him specific legal advice. (Crow Aff., ¶ 2.) The librarians of the Minnesota State Law Library provide legal materials, not legal advice or representation. (Lunde Aff. ¶¶ 3, 5.) The adequacy of this policy and other legal aid programs could be issues at trial, but Mr. Crow has presented no compelling reason for the Court to issue a preliminary injunction on a presumption of the service's inadequacy.

Plaintiff has failed to establish that he would be irreparably harmed without injunctive relief because he has demonstrated that he is able to navigate the court system and obtain legal materials from the Minnesota State Law Library without the Defendants' assistance. Therefore,

Plaintiff's motion must be denied. *See Modern Computer*, 871 F.2d at 738 (the absence of a finding of irreparable injury is sufficient grounds for vacating a preliminary injunction).

## IV. RECOMMENDATION

Based on the files, records and proceedings herein, it is **HEREBY RECOMMENDED** that Plaintiff's Motions for Preliminary Injunction [#17, #29] be **DENIED**.

DATED: August 13, 2009            *s/ Franklin L. Noel*
                                  FRANKLIN L. NOEL
                                  United States Magistrate Judge

Pursuant to the Local Rules, any party may object to this Report and Recommendation by filing with the Clerk of Court and serving on all parties, on or before **August 27, 2009**, written objections which specifically identify the portions of the proposed findings or recommendations to which objection is being made, and a brief in support thereof. A party may respond to the objecting party's brief within ten days after service thereof. All briefs filed under the rules shall be limited to 3500 words. A judge shall make a de novo determination of those portions to which objection is made.

This Report and Recommendation does not constitute an order or judgment of the District Court, and it is, therefore, not appealable to the Circuit Court of Appeals.