UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

KEITH CROW,  Case No. 08-CV-3350 (PJS/FLN)

          Plaintiff,

v.  ORDER

JOAN FABIAN, DAVID R. CRIST, JERRY
CLAY, LCIE STEVENSON, and LYNN
MILLING,

          Defendants.

Plaintiff Keith Crow filed this action under 42 U.S.C. § 1983 challenging certain aspects of his imprisonment following his conviction for aiding and abetting first-degree murder. Crow and defendants Joan Fabian, David R. Crist, Jerry Clay, and Lcie Stevenson filed cross-motions for summary judgment. Docket No. 66-1 at 97-103 and Docket No. 34, respectively. In a Report and Recommendation ("R&R") dated February 4, 2010 and entered on February 5, 2010, Magistrate Judge Franklin L. Noel recommended that the summary-judgment motion of defendants Fabian, Crist, Clay, and Stevenson be granted; that Crow's summary-judgment motion be denied; and that summary judgment be granted in favor of defendant Lynn Milling, who had not joined the other defendants in moving for summary judgment. Docket No. 98.

Under Fed. R. Civ. P. 72(b), Crow had "14 days after being served with a copy of the recommended disposition" to file and serve an objection to the R&R. Because the R&R was served upon him by mail on February 5, 2010, Fed. R. Civ. P. 6(d) afforded Crow an additional three days to file his objection. Crow's objection was therefore due on February 22, 2010. *See* Fed. R. Civ. P. 6(a)(1)(B) (requiring that weekends be included in computations of time).

On February 26, 2010, having received no objection from Crow, the Court issued an order in which it adopted Judge Noel's R&R, denied Crow's summary-judgment motion, granted summary judgment in favor of all defendants, and dismissed Crow's action with prejudice. Docket No. 100. That same day, shortly after the Court's order was docketed, the Court received and docketed Crow's objection to the R&R. Docket No. 101. The certificate of service included with Crow's objection is dated February 17, 2010 [Docket No. 101 at 10], and the envelope in which the objection was mailed is postmarked February 22, 2010.

Because Crow's objection was not *filed* by February 22, 2010, it would ordinarily be considered untimely. But because Crow is a pro se inmate, the timeliness of his objection must be considered in light of the prison-mailbox rule established by the Supreme Court in *Houston v. Lack*, 487 U.S. 266 (1988). *Houston* held that a pro se prisoner's notice of appeal is deemed filed on the day that it is delivered to prison officials for forwarding to the court. *Id.* at 270. The Eighth Circuit has not explicitly extended *Houston*'s prisoner-mailbox rule to filings other than notices of appeal, but the court has implied that the rule should extend to a pro se prisoner's objection to an R&R. *Miller v. Benson*, 51 F.3d 166, 169 (8th Cir. 1995). Other circuits have held that the rule does indeed apply to the filing of an objection to an R&R. *See Thompson v. Rasberry*, 993 F.2d 513, 515 (5th Cir. 1993); *Dunn v. White*, 880 F.2d 1188, 1190 (10th Cir. 1989). This Court agrees and finds that the prison-mailbox rule applies here.

Again, Crow's objection was due on February 22, 2010. His certificate of service reflects that it was deposited by Crow into the care of prison officials for delivery to the Court on February 17, 2010. The envelope in which the objection was mailed is postmarked February 22, 2010. As a result, there can be no doubt that Crow delivered his objection to prison officials no

later than February 22, 2010, and thus, under the prison-mailbox rule, Crow's objection was timely filed. For that reason, the Court vacates its previous order adopting the R&R [Docket No. 100] and vacates the judgment that was entered pursuant to that order [Docket No. 102].

The Court has reviewed de novo those portions of the R&R to which Crow objects, as required by 28 U.S.C. § 636(b)(1)(B) and Fed. R. Civ. P. 72(b). Based on that review, the Court overrules Crow's objection and adopts Judge Noel's careful and thorough R&R.

ORDER

Based on the foregoing and on all of the files, records, and proceedings herein, IT IS HEREBY ORDERED THAT:

1. The Court's order of February 26, 2010 [Docket No. 100] and the judgment entered pursuant to that order [Docket No. 102] are VACATED;

2. Plaintiff Keith Crow's objection [Docket No. 101] to the Report and Recommendation is OVERRULED;

3. Judge Noel's Report and Recommendation [Docket No. 98] is ADOPTED; and

4. This matter is DISMISSED WITH PREJUDICE AND ON THE MERITS.

LET JUDGMENT BE ENTERED ACCORDINGLY.

Dated: June 4, 2010                          s/Patrick J. Schiltz
                                             Patrick J. Schiltz
                                             United States District Judge